9-2, Miller v. OPM Isn't that what we're talking about? But then it goes on to say, if the individual is entitled or would be entitled to monthly old-age or survivor benefits. So there's another calculation that takes place when someone is eligible for Social Security benefits to, again, to recalculate the annuity. The government covers people, but they don't double. The congressional intent is to not to have double coverage. So if you're getting credit for that under the Social Security, then J-1 excludes that aggregate period from... You're saying J-1 doesn't apply at all in this case? Certainly not the way it's been briefed, Your Honor. And I don't believe Mr. Miller is making the argument that... See, I thought when Ms. D'Agostino said if the second period was leave without pay, then you're out of luck unless you make a deposit. But she said if it's annual leave, he's entitled. Do you agree or disagree with that? I realize you say it's leave without pay. Right, Your Honor. And she says, okay, if it's leave without pay, I agree, I'm in. But she said if it's leave with pay or annual leave, I don't lose. Do you agree with that general proposition, leaving aside what the facts may tell us here? I think... I want to make sure I understand. Your Honor... No, she said on the second period, the August to October 70 period, she said if Mr. Miller was on leave without pay from the federal government, I lose unless I make a deposit. Okay? You heard her say that? Right. Okay. She said, though, I win. I think that's what she was getting to. I win, though... Excuse me. I win, though, if it's not leave without pay, but some other kind of leave, annual leave, leave with pay. Again, leaving aside these facts, do you agree with her proposition that she loses under one but wins under the other? No, I believe that she loses both under the reading of C-2. There's only two exceptions that it provides, and that's if you're getting military retired pay for a period of time. So if you were on leave with pay and you count that towards your military leave and you're getting military retired pay, then unless it's for a service-connected disability, or reservist retirement, you can't count that same period of time towards your civilian retirement. So you're saying she loses under... In your view, even if it's leave with pay instead of leave without pay, she loses. Under the statute. She loses. Under the statute, yes. Because... Unless the statute C-2 is really about under what circumstances do you add your military service credits into your civil service retirement time? And then it's not about situations where the context is concurrent service and then figuring out whether to deprive someone of their civil service concurrent time just because they are also accumulating military service time. That reading of the statute runs contrary to Miller. That's what they argued in Seltzer. That's what they argued in Seltzer, and the court said no. Well, Seltzer was a bit different, though. Seltzer was... He was seeking double counting on the civilian side in addition to having gotten the military. That's not... I think some of this is fairly called concurrent service. He's actually operating under both. He's on annual leave, so he's using his annual leave, and he's getting military credit for retirement. That's not Seltzer. Seltzer wanted double counting for civil service. Seltzer, Your Honor, essentially wanted triple counting. He was getting... Because he fit into the exception, he was getting both military and civilian leave, and then he was trying, as Judge Shum pointed out, to then take the military leave and double that up on the civilian side. But in Seltzer, he only served one period of time, and same thing here. Seltzer is different, I agree, because he fit into the narrow exception for reservist service. You don't have that here. This case, I think, is controlled by database. Just say for a moment, we're not precisely sure what was the roadmap of thinking in Seltzer. It could have been that because he qualified under C2B, that's why he got 71 days civilian and 71 days military. It could be that he was getting that anyway, but he wanted to use C2B to, instead of having 71 days civilian, wanted 142 days of civilian, and then the court said, no, that's not a proper invocation of C2B. So those are just two possibilities of reading Seltzer. I'm trying to now think about this case outside of Seltzer, and we know this person was being paid for both the military time and the civilian time outside of the leave without paying. For all those different periods where he was getting paid by both, why wouldn't it just naturally follow that you would get the benefit of both? Your Honor, I'm not sure which periods you're referring to where he was being paid by both. General leave, military general leave. But let's assume hypothetically that it's annual leave for some portion of that period in the second category. Let's assume it's annual leave and not leave without paying. That would still allow him to accrue more than 12 months worth of leave for only 12 months that he was on leave, because he would be getting leave in both systems, and that runs contrary to the congressional intent and to the cases. There are the two narrow carve-outs, but if those don't apply, OPM's position is... You can get salary from the two different sources, military and civilian, but you can't get the retirement days. And I'm just... What is it that reflects Congress's intent that it wanted to carve away the ability to get the new few days accumulated in both places when Congress clearly wanted them to get paid for both places? Why separate the two? Why don't they just get treated the same? When Congress wanted individuals to accrue leave in both systems simultaneously, Congress made that explicit in the exceptions in C2. So it said, if you're getting retirement pay from the military, you can waive that and then just pay in the civilian retirement system. That's fine. You have an either-or choice. Or for certain instances, if you were injured in combat, that's a sympathetic case, and we are going to allow you to accrue retirement in both systems, in part, and the Bailey case talks about this, because you don't necessarily, if you're injured in combat, have the ability to come back to the agency and resume your position with them. Can I just... Just following up on that, so not only is somebody getting paid, if you're on annual leave, you're getting paid for one period, and you're also getting paid from the military. My understanding would be, if you're on annual leave, they continue to deduct amounts for retirement, and then you're on military, and you're getting paid by the military, and they're continuing to deduct portions of your salary for retirement. So for the same period of time, you're not only getting the checks for both of what you're doing, but you're also getting your retirement deducted. That may be a difference between leave without pay and annual leave, and you still say that you can only get once because it comes under your double-counting theory. Your Honor, I think the typical scenario is that when you're on military leave, you are on leave without pay, unless you're a reservist and you're doing the two weeks a year, so this is not a situation where you're getting paid by both agencies. I think Judge Chen was talking about a circumstance where you're on annual leave for the government, and then you're working for the military, and you're deriving the salary from the military for the work that you're doing, and annual leave because you've earned the annual leave and you're entitled to a salary when you're on annual leave. I don't know. I'm not sure when that comes up because there's a prohibition on being active-duty military and working as a civilian with the exception of being a reservist. I mean, this may be hypothetical, but it's... Well, what was happening with Mr. Miller in this circumstance? Well, Mr. Miller, there are three circumstances here. One, he was on terminal leave. The second, he was... Our position is there's substantial support in the record that he was on leave without pay. To do what? To be called up for operation... But if you're called up, isn't it conceived... I mean, even if he was on leave without pay, are you saying if he had had enough food annually, he could not take annually? If you go out and serve in war and you leave your civilian capacity, are you not allowed to use your annual leave so that you'll retain your salary for that period? In that instance, you would be getting paid by both the civilian and by the military. I mean, I think that's a different case than this one. I think the record here says that Mr. Miller was on leave without pay. Well, that's what we're trying to differentiate. I mean, the fact finding on leave without pay and annual leave is not going there at this time. I'm just trying to find out if... Your friend says it's just a nullified. If it's leave without pay, she gives it up. But if it's indeed both annual leave, she says she's entitled. I'm not hearing you push back on that. If, hypothetically, he were on annual leave and were receiving military pay at the time, were having his civil service credit, his retirement money taken out of his paycheck, would he be allowed to get retirement credit? The language of the statute, the way it's written, does not make that distinction. Well, why does that apply? Why don't we look at the language of the statute? Because it says if you're an employee and you're getting retirement pay for military service, then the service... I think we're trying to hear about the civilian service. The civilian service may not include credit for such period of military service unless... So that's almost like the different situation, the situation in Seltzer, where you're trying to buy in, saying, I served six months in the military. I want to buy credit for my civil service retirement. And you're not allowed to buy in under certain circumstances. Why isn't that a correct reading of the statute and not that the direct reading of the statute doesn't apply to this concurrent service at all when somebody's actually serving in both capacities and getting paid for both? Because you're still only serving one period. You're not literally in two places at once. You're either with the military, say, overseas, and you're not in your civilian capacity, even though if you've accrued leave, you get paid for it. Well, that's what we mean, because if you've got paid leave, you're paid leave by definition. You not only get your pay, it's as if you're serving. You get your retirement taken out. You get credit for civil service retirement. So in that case, I think that would be more akin to when, you know, if you have accrued leave remaining when you leave an agency, you can get paid because that's leave that you accrued. I think that's different than this case, certainly. But there is a provision that allows you to get, I believe, unused sick leave to count towards your... So maybe that's more akin to annual leave rather than the leave without pay, where you are sort of suspending your role as a civilian and you're going into the military and getting paid there. By the military, you're no longer being paid as a civilian. You're not getting benefits as a civilian, and so you should not get the retirement in that system. You should only get it in the military system. Well, are you confident that normally the only situations in which civil servants are getting annual leave and performing military service is really the reservists and they're covered by this exception anyway so they can double dip or whatever it is we want to call it? Is that the only circumstance that you know of? I have not seen other circumstances, and given the bar on being active-duty military and being in the civilian service generally, you can't do that. It suggests that this is limited to reservists. Tell me about that. What is the prohibition there? I don't have the... I believe the board mentioned... Maybe one of the cases that was cited in our brief, Your Honor. Okay, I wouldn't believe that. I want to ask one question. There are references both in the board decision, I think in the briefing, saying that through a deposit was made that there was no waiver. Do you recall that? Yes, Your Honor. Are you talking about a written waiver? Yes. Where is that requirement set forth? I'm not saying you're wrong, but I couldn't see... It wasn't cited that there were all these references to a waiver not having been made, but there was no citation as to where the statute or the regulation is that requires the waiver. Where is that requirement set forth? That requirement, Your Honor, is set forth in the regulation. It's in 5 CFR 831.301C. It's 5 CFR 831.301C. It says, an employee or member applying for an annuity who otherwise meets all the conditions of receiving credit for military service, but who is in receipt of retired or retainer pay. Okay, so if he falls under the bar of 8332C, that's if you're getting military retired pay, you can't get civilian retired pay. So if he falls within that bar, that individual may elect to waive their retired or retainer pay and have the military service added to civilian service for annuity calculation. And they have to be a deposit. The section does not speak about the deposit, but there are other sections of... So there has to be a deposit. Yes. But where does it say a waiver has to be written? Isn't it someone makes the deposit? Aren't they necessarily waiving the military credit? I mean, why would you make the deposit if you weren't intending to give up the military side and get the civilian side? So in this case, there's a form that Mr. Miller filled out, and that's, I believe, at... This is relevant, I guess, in that first period where he made a deposit. Now, as D'Agostino says in your brief, he didn't have to, but he made a deposit, okay, but he didn't get the benefit of it because there was no waiver. Right. Why? That just seems odd. I mean, why is he making the deposit if he isn't waiving? That's a question better posed to Mr. Miller, but in his form... If I give my $5,000, you look at me and say, oh, yeah, you're giving this because you're waiving your military, right? It's obvious. Well, so the form that Mr. Miller is required to fill out, it has a simple checkbox, yes or no, are you waiving your military's higher pay? He checked no. That's his first period. I believe this is what you fill out. He didn't just think... He didn't sign it in connection with the very short June of 82 period. He didn't make a distinction as to which period he was declining to waive. As far as the record shows, he did not want to make an unconditional waiver. He tried to make a conditional waiver, but the question asked at Appendix 69, are you waiving your military's higher pay in order to receive credit for military service? He says no. This is the only waiver document in the record. Yes, this is the conclusive one. There's a conditional waiver that he tried to submit, but then OPM found that that was insufficient. I think what Your Honor is asking about is maybe some sort of presumption that if you make a deposit, that constitutes waiver, and that hasn't been... That was not the argument made here. I don't think they're arguing... Can I ask about the third period where he got nothing? I would dispute that, Your Honor, based on the record, and I realize it's a factual... It's a fact-finding, but there's... At Appendix 58 in the record, there's a letter from OPM that says it reached out to the military's higher pay center to verify that the period of time in 1994 for which Mr. Miller was retroactively put back on active duty, that he was getting military retired pay for that period, and the military's higher pay center verified that all of this time is now awarded as military service credit and included in your military's higher pay computation. So OPM was told by the military retired pay center that this was indeed counted. I'm not sure where Mr. Miller is saying that it wasn't. If there's no further questions, I realize I'm running out of time. Thank you. I do want to respond to the government's argument concerning Seltzer and... Can we start with... Were you able to hear what we were saying with your friend? This is about the time of the last period. Correct. So if you look in the appendix at page 182 and 207, on page 182, it shows that active service for retirement and service for 10 U.S.C. 1405 are 15 months different. So he was given 15 months less credit toward his military retirement than toward his general service credit. And then if you look on page 207 in the appendix, it shows that from 1994, and this is under C, from 1994 through 1996, 15 months of constructive service credit non-pay. Where is this exactly? Where does it say 15 months? So on page 207 of the joint appendix under C, it distinguishes that a total of 63 months of constructive service credit was approved. 15 months of that was non-pay. The rest was pay. And that comports with his record on page 182 that shows his service credit for his military retirement was 15 months less than his overall service credit. So can you look at 58 and 59, which is what your friend was signaling us to, and tell us? Well, I think that this is inaccurate based on the records. I do think there was a confusion because there's essentially three different service credit calculations in the military. And all the records themselves actually do show that while he was awarded full service credit, he was not awarded full credit toward his retirement. Can I just ask that at some point you all talk to each other? Absolutely. We're in a public court, and we can't do testifying anyway, and when there's a discrepancy, I mean, this is either true or it's not true. And so it seems to me that reasonable people ought to be able to resolve what the facts are. Sure. So if you would be amenable towards discussing this, and maybe you could either send a joint letter to us or individual letters, no new briefing, no new argument, just hopefully indicating that you've resolved the discrepancy in what you're saying or giving us some... Is that all right with you? Yeah. I mean, we have government documents that are canon-based. We can't tell what's going on. Yeah. Well, why don't you assume that we want to do that? My colleague just mentioned that there might be other questions we have that we think are really kind of factual issues that you want to resolve, and we might send a letter in the next couple of days asking for that. But in the interim... I'm sorry, did you have anything? If you could deal with this issue while it's stretching your mind and tell us what the result is. I'm sorry, if I could... If you could talk to your counsel on the other side. Sure. And we can try to reconcile what seems to be... You're telling us different things, and there seems to be some documentation that might support both of you, but some facts have to be correct, right? Right. All right, I'm sorry. Now you can proceed. No, I agree. I think there are probably three factual disputes that still seem to exist. Right. Well, if you all want to... Believe me, if you all want to, in the short term, see if you can resolve that amongst yourselves, that would be very helpful and much appreciated. Sure. What do you see as the factual differences between you now, aside from this one, relating to the third period? Right. So I see the factual disputes of whether or not he was on annual leave or leave without pay for the one period. That would be the second period. Correct. Yeah. Whether or not he received those 15 months that the BCMR decision constructively awarded, whether he received that toward his military retirement or not. And then there's the issue of the deposit refund. There is some documentation that some amount of money was refunded. It's not clear to me what that represented, but that seems to be the third factual dispute that I see. Well, if you would be willing to try to discuss those and do whatever you can to resolve it, and if the factual disputes remain, then that's, I guess, our job. Okay, sure, sure. One last point I did want to make is that, in Seltzer, this court referenced 8332C1A as stating that mandates that certain periods of military service be recognized or included in civil service retirement computations. And that certainly comports with the actual language of that statute, which says the service of an individual shall include credit for each period of military service performed before the date of separation. So it appears very clear to us anyway that this statute does mandate that there can be civil service credit and military service credit coexisting. The exception that the petitioner in Seltzer tried to argue was, again, to get double credit, to get two days' civilian credit, to get zero days' military credit. And, you know, the court said no, and really that exception, and I guess another factual dispute is Mr. Miller is a reservist, and we are talking about reserve time. The reason why that's not relevant is because the exception deals with when you're trying to get military service credit credited to your civilian account, and that's, again, not what this case is about. This case is about Mr. Miller getting civil service credit, getting, you know, what Mr. Seltzer got as the 71 days. Mr. Miller has been denied that. So those may be disputes that you – I appreciate what you're saying, and those may be disputes that are irreconcilable. But, again, I would just appreciate if the – I think we would appreciate if the parties – I don't want to – you all may have other things scheduled in the interim. If you could report back to us by close of business February 14th, which is next Wednesday, and just tell us, you know, where you are or what you've concluded or what you haven't concluded. And if you are making some progress and need more time, I think that would be in order as well. So if that's the case, you can just tell us by next Wednesday close of business. If you think more time would be productive, feel free to ask for more time. Sure. Is that final, Governor? Yes, Your Honor. That's my response to the same question. Yeah, and that's with respect to the three questions that I think you raised. There's some variation of that. Absolutely. You're comfortable with those three questions? I want to make sure the Court is expecting answers to those three questions. She mentioned three – Ms. D'Agostino said there are three points of disagreement between the parties, and she just listed them, and you're going to try and sit down and discuss those. Yes. All I want to know is it seems to me that maybe two people sitting down together can reconcile their differences and say, yeah, now I – for example, now I see why you think this is leave without pay, or you can say, now I see where you're getting this. And so all I want to do is see if you all can reconcile that. If you can't, you can't. We're left with the record as it is. You make your representation. So that's fine. If you can't reconcile those factual differences that you have, then just tell us. We'll remain where we are. This is it. I mean, A58-59 is a letter from OPM. That just states something, right? But we don't have any evidence to support the assertions in the OPM letter. It just sort of says what it says. And so it's not exactly proof of whether or not this person was getting all the military benefits during that 15-month period. It's a statement that he is, but we can't know for sure. And that's what we're just trying to figure out. I want to make sure I understand what the Court is expecting, though. Are you expecting us to provide the record, presumably, is what it is? No, the record is what it is. We are just hopeful, and maybe this is not going to happen and maybe it's likely not to happen, that once the two of you sit down that you can maybe see. And one of you can agree that the other is right or not. But, I mean, obviously the expectation is you might come back at the end of the period and say, no, we remain where we are. You remain where you are. I'm just wondering if there's some way where somebody, one side is not seeing what the other side is seeing, and maybe they can be persuaded otherwise. No, but we're not asking you to add to the record. We don't want to hear argument about why you continue to think you're right and you continue to think you're right. We just want to know whether or not you can reconcile it. Is that okay? And then essentially enter stipulations that the parties agree that he was on annually, for example, or he was on leave without pay. Right. Okay. So if the parties – It doesn't have to be a formal document necessarily. A change of letter. Change of letter, yeah. And Judge Shaw mentioned that because you might be dealing with information from OPM or something, why don't we extend the period. So forget the Wednesday, close the business next Friday. We give you a week to do this. Close the business on Friday. And if you need more time, as I said, just come in and ask for more time and we can do that. But, again, we're not asking you to necessarily change your positions or whatever, but if there are ways that you all can look at what the documentation is and come to some resolution that one side is right, one side is right, or there's some ground in between, please try to do that. Okay. We thank folks for taking the minutes. That concludes our proceedings. Thank you. All right. The audit report is adjourned until Monday morning at 3 a.m.